IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| **NUTRIEN AG SOLUTIONS, INC.** )<br>)<br>**Plaintiff,** )<br>)<br>v.     )<br>)<br>**HOWARD WILLIAM BIER,** )<br>  Serve at: )<br>  Mr. Howard William Bier )<br>  7316 County Rd. 328 )<br>  Palmyra, MO 63461 )<br>)<br>**Defendant.** ) | Case No: |

## COMPLAINT

Plaintiff Nutrien Ag Solutions, Inc. ("Plaintiff"), by and through its attorneys BLANTON, NICKELL, COLLINS, DOUGLAS & HANSCHEN, L.L.C., for its cause of action against Defendant Howard William Bier, states:

### Parties

1. Plaintiff is, and at all times relevant hereto has been, a Corporation created by and existing under the laws of the State of Delaware, with its principal place of business in Loveland, Colorado.

2. Upon information and belief, Defendant Howard William Bier is a Citizen of the State of Missouri, and resident of Marion County, State of Missouri.

3. The causes of action contained herein arise out of an account agreement created in the County of Marion, State of Missouri, for agricultural materials supplied to Howard William Bier for farming and operation of crop farming in Marion and surrounding counties, State of Missouri.

1

## Jurisdiction and Venue

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as it is between citizens of different states, and the aggregate amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(1) and (2).

## Allegations Common to All Counts

6. On or before February 25, 2020, Plaintiff entered into an Account Agreement ("Agreement") with Defendant Howard William Bier to supply agricultural materials and services for farming operations on credit. The Agreement was accepted, and the Account created bore Account Number 1167684. See Exhibit A, Original Account Invoices, Payment Terms.

7. Pursuant to Agreement, Defendant agreed to pay to Plaintiff on terms of Net 30 days on all charged materials. The Agreement further provided that any unpaid balances would be subject to a 2% per month (24% percent APR) finance charge, and the Agreement also provided for recovery of collection, including attorneys fees and court costs. See Exhibit A.

8. One Hundred Forty-Five Thousand Eight Hundred Four and Ninety-Two Cents ($145,804.92) remains due and owing on account 1167684, pursuant to Agreement for materials and/or services supplied to Defendant. See Exhibit A, Exhibit B, Accounts Receivable Ledgers.

## Count I – Action on Account- Account No. 1167684

9. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 8 above.

10. Plaintiff fully and faithfully performed its part of the Agreement and supplied all of the services, labor and materials required by the Agreement, and requested by Defendant, and in all respects performed all the conditions of the Agreement on its part to be performed.

11. Plaintiff has given Defendant credit for all payments and other credits due on this account and the balance remaining due on said account, including interest and service charges, is in the amount of One Hundred Forty-Five Thousand Eight Hundred Four and Ninety-Two Cents ($145,804.92).

12. Plaintiff further states that the prices charged for the said goods delivered and sold are and were, at the time when said goods were delivered and sold, reasonable and proper, and Defendant promised and agreed to pay the same.

13. Plaintiff further states that Defendant agreed to interest on the unpaid portions of the account at 2% per month (24% percent APR), or as allowed by statute, plus applicable service charges, plus interest as agreed upon, or as allowed by statute, and for its costs expended herein, and the same remains due and unpaid.

**WHEREFORE,** Plaintiff prays the Court enter judgment in its favor and against Defendant for actual damages on Account No. 1167684 in the amount of One Hundred Forty-Five Thousand Eight Hundred Four and Ninety-Two Cents ($145,804.92), plus interest as specified by the account or allowed by statute, for its attorneys' fees and costs of suit, and for such other and further relief as this Court deems just and proper.

## Count II - Unjust Enrichment

14. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 13 above.

15. Plaintiff provided Defendant with material benefits of fertilizer, chemicals, seed, and related products and services.

16. Said fertilizer, chemicals, seed, and related products and services had a value of One Hundred Forty-Five Thousand Eight Hundred Four and Ninety-Two Cents ($145,804.92). Defendant accepted and retained said benefits for use in his farming operations.

17. Plaintiff demanded payment for the fertilizer, chemicals, seed, and related products and services, but Defendant failed to pay.

18. As a direct and proximate result of Defendant's failure and refusal to pay the amount which is due and owing to Plaintiff, Defendant has been unjustly enriched in the amount of One Hundred Forty-Five Thousand Eight Hundred Four and Ninety-Two Cents ($145,804.92), plus interest as allowed by statute.

**WHEREFORE,** Plaintiff prays the Court enter judgment in its favor and against Defendant for actual damages in the amount of One Hundred Forty-Five Thousand Eight Hundred Four and Ninety-Two Cents ($145,804.92), plus interest as allowed by statute, for its attorney's fees and costs of suit, and for such other and further relief as this Court deems just and proper.

**Respectfully submitted**,

**BLANTON, NICKELL, COLLINS
DOUGLAS & HANSCHEN, L.L.C.
219 S. Kingshighway
Post Office Box 805
Sikeston, MO 63801
Phone: (573)471-1000
Fax:(573)471-1012**

By:   /s/ Patrick R. Douglas
      **Patrick R. Douglas        #51788MO**

*Attorneys for Plaintiff Nutrien Ag Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I, Patrick R. Douglas, an attorney, hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of the United States District Court for the Eastern District of Missouri – Northern Division, this 23rd day of August, 2024, using the CM/ECF system. I further certify that I signed the original of this document and will keep said original for a period of not less than the maximum allowable time to complete the appellate process.

By: */s/ Patrick R. Douglas*
Patrick R. Douglas